IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Lance Mitchell #213965

_____

_____

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

Bryan P. Stirling, et al. "See,
attached"

_____

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names. Do not include
addresses here.)*

**Complaint for Violation of Civil
Rights**
(Prisoner Complaint)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:  ☑ Yes  ☐ No
*(check one)*

---

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

When submitted for filing, your complaint should be accompanied by the full filing fee or an application to proceed in *forma pauperis*.

Charles Williams ;
Joel Anderson ;
Aaron Joyner ;
Michael Stephen ;
Scott Lewis ;
Willie Davis ;
Richard Cothran ;
Levern Cohen ;
Donnie Stonebreaker ;
Terrie Wallace ;
Gary Lane ;
David Dunlap ;
John Pate ;
Thomas Robertson ;
Alyson Gladwell ;
Stephanie Marshall ;
Stanley Terry ;
Clarissa Jones ;
Juanita Moss ;
Bell ;
Myers ;
Beard ;
Willie F. Smith ;
Sherman L. Anderson ;
Jennifer Franklin ;
Shakira Williams ;
Michelle Chambers ;

1 (a)

Tim E. Rogers ;
Deborah Richter ;
Victoria Norman ;
McKreb ;
Ashley Maddox ;
Cynthia Darden ; and
Kennard Dubose ,

        Defendants.

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                    Lance Mitchell

All other names by which you have been known:

_____

_____

ID Number               213965

Current Institution     McCormick Corr. Inst.

Address                 386 Redemption Way

                        McCormick, SC 29899

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name                    Bryan P. Stirling

Job or Title            Director
(if known)

Shield Number           _____

Employer                S.C. Dept. of Corrections

Address                 4444 Broad River Rd.

                        Columbia, SC 29221

☑ Individual capacity            ☑ Official capacity

Defendant No. 2

Name                    Charles Williams

2

Job or Title     Warden for McCormick
(if known)

Shield Number    _____

Employer         S.C. Dept. of Corrections

Address          4444 Broad River Rd.
                 Columbia, SC 29221

☑ Individual capacity        ☑ Official capacity

Defendant No. 3

Name             Joel Anderson

Job or Title     Warden for Lieber
(if known)

Shield Number    _____

Employer         S.C. Dept. of Corrections

Address          4444 Broad River Rd.
                 Columbia, SC 29221

☑ Individual capacity        ☑ Official capacity

Defendant No. 4

Name             Aaron Joyner

Job or Title     Warden for Lee County
(if known)

Shield Number    _____

Employer         S.C. Dept. of Corrections

Address          4444 Broad River Rd.
                 Columbia, SC 29221

☑ Individual capacity        ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights,
privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six
Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue
federal officials for the violation of certain constitutional rights.

Defendant No. 5
Michael Stephen
Warden for Broad River
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official Capacity

Defendant No. 6
Scott Lewis
Warden for Perry
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 7
Willie Davis
Warden for Kirkland
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 8
Richard Cothran
Warden for Turbeville

3 (a)

S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 9
Levern Cohen
Warden for Ridgeland
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 10
Donnie Stonebreaker
Warden for Evans
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 11
Terrie Wallace
Warden for Trenton
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221

3 (b)

Individual and Official capacity

Defendant No. 12
Gary Lane
Warden for Kershaw
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 13
David Dunlap
Warden for Kershaw
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 14
John Pate
Warden for Allendale
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 15

3 (c)

Thomas Robertson
Associate Warden for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 16
Alyson Gladwell
Associate Warden for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 17
Stephanie Marshall
Major for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 18
Stanley Terry
Administrative Captain for McCormick
S.C. Dept. of Corrections

4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 19
Clarissa Jones
Lieutenant for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 20
Juanita Moss
Food Service Director for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 21
Bell
Food Service Supervisor for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 22
Myers
Food Service Supervisor for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 23
Beard
Food Service Supervisor for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 24
Willie F. Smith
Food Service Branch Chief for SCDC
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 25
Sherman L. Anderson
Inmate Grievance Branch Chief for SCDC

3 (f)

S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 26
Jennifer Franklin
Inmate Grievance Coordinator for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 27
Shakira Williams
Inmate Grievance Coordinator for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 28
Michelle Chambers
Inmate Record Official for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221

Individual and Official capacity

Defendant No. 29
Tim E. Rogers
Commissary Supervisor for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 30
Deborah Richter
Chief Nurse for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 31
Victoria Norman
Chief Nurse for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 32

3 (h)

Mckreb
Dentist for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 33
Ashley Maddox
Mental Health Counselor for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 34
Cynthia Darden
Mental Health Counselor for McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 35
Kennard Dubose
Mental Health Director for SCDC
S.C. Dept. of Corrections


3(i)

4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

A.    Are you bringing suit against *(check all that apply)*:

    ☐    Federal officials (a *Bivens* claim)

    ☑    State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    1st Amendment "free exercise of religion; free speech and association"; 8th Amendment "Cruel and unusual punishment"; and 14th Amendment "due process"

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

    _____

    _____

    _____

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

    See, attachment _____

    _____

    _____

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

    ☐    Pretrial detainee

    ☐    Civilly committed detainee

    ☐    Immigration detainee

☑    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case.   Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.   You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.   Do not cite any cases or statutes.   If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.   Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

See, attachment _____

_____

_____

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

_____

_____

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    What are the facts underlying your claim(s)?   *(For example:  What happened to you? Who did what?  Was anyone else involved?  Who else saw what happened?)*

_____

_____

_____

# Statement of Claim

1). Since approximately, January 1, 2014, through and continuing through the present date, Defendants Director Bryan P. Stirling, Warden Charles Williams, Warden Joel Anderson, Warden Aaron Joyner, Warden Michael Stephen, Warden Scott Lewis, Warden Willie Davis, Warden Richard Cothran, Warden Levern Cohen, Warden Donnie Stonebreaker, Warden Terrie Wallace, Warden Gary Lane, Warden David Dunlap, and Warden John Pate have permitted and allowed its prisons to be significantly overcrowded with inmates and have failed and/or refuse to take corrective action to decrease its inmate population.

2). As a result of its overcrowded prisons, there has been a significant increase in inmate-on-inmate violence within McCormick, Lieber, Lee County, Broad River, Perry, Kirkland, Turbeville, Ridgeland, Evans, Trenton, Kershaw, and Allendale Prisons.

3). Since approximately, January 1, 2014, through and continuing through the present date, the above-named Director and Wardens have permitted and allowed its prisons to be significantly understaffed with officers and have failed and/or refuse to take corrective action to increase staffing in its prisons.

4). As a result of the shortage in staff, there has been a significant increase in inmate-on-inmate violence within all

the prisons mentioned above:

5). Since approximately, January 1, 2014, through and continuing through the present date, the above-named Director and Wardens have failed and/or refuse to protect its inmates from violent acts committed by known active gang members that the prison officials knew of or should have known of.

6). Since approximately, January 1, 2014, through and continuing through the present date, the above-named Director and Wardens have failed and/or refuse to separate violent active gang members from the general population that the prison officials knew of or should have known of.

7). Since approximately, January 1, 2014, through and continuing through the present date, the above-named Director and Wardens have failed and/or refuse to remove any and all instrument(s) which were used as a weapon or used to create a weapon from its prisons that the prison officials knew of or should have known of.

8). As a result of the prison officials failure to remove weapons and weapon items from its prisons, there has been a significant increase in inmate-on-inmate violence involving a weapon which resulted in great bodily harm and/or death.

9). Since approximately, April, 2018, through and continuing through

5 (b)

the present date, Defendants Warden Charles Williams, Associate Warden Thomas Robertson, Associate Warden Alyson Gladwell, Major Stephanie Marshall, Captain Stanley Terry, and Lieutenant Clarissa Jones have failed and/or refuse to allow Plaintiff Lance Mitchell to participate in indoor and/or outdoor recreation and exercise. at McCormick prison.

10). Since approximately, April, 2018, through and continuing through the present date, all the above-named Defendants ( in paragraph 9 ) have failed and/or refuse to allow Plaintiff Lance Mitchell fresh air and direct sunlight.

11). Since approximately, April, 2018, through and continuing through the present date, all the above-named Defendants ( in paragraph 9 ) have permitted and allowed other inmates at its prison to participate in daily indoor and outdoor recreation and exercise.

12). Since approximately, April, 2018, through and continuing through the present date, all the above-named Defendants ( in paragraph 9 ) allowed other inmates at its prison daily fresh air and direct sunlight.

13). Since approximately, April, 2018, through and continuing through the present date, Defendants Food Service Director Juanita Moss, Food Service Supervisor Bell, Food Service Supervisor Myers, Food Service Supervisor Beard, and Food Service Branch Chief Willie F. Smith have served or caused to be served stale, molded,

5 (c)

cold, inadequate portions, and feces and urine contaminated food to Plaintiff Lance Mitchell and have failed and/or refuse to take corrective action.

14). Since approximately, April, 2018, through and continuing through the present date, Defendants Inmate Grievance Branch Chief Sherman L. Anderson, Inmate Grievance Coordinator Jennifer Franklin, Inmate Grievance Coordinator Shakira Williams, and Inmate Record Officer Michelle Chambers have failed and/or refuse to process, file, log in, investigate, and take corrective action on Plaintiff Lance Mitchell's staff requests and grievances.

15). Since approximately, April, 2018, through and continuing through the present date, Defendant Commissary Supervisor Tim E. Rogers have failed and/or refuse to issue and provide Plaintiff Lance Mitchell with a thermal set, toboggan, jacket, towel, wash cloth, socks, boxers, and razors.

16). Since approximately, April, 2018, through and continuing through the present date, Defendant RHU's Supervisor Lieutenant Clarissa Jones have failed and/or refuse to permit and allow Plaintiff Lance Mitchell to routinely clean his cell with a broom, mop, bleach, and cleaning chemicals; receive routine haircuts and shaves; routinely wash his laundry; take routine showers; and Lt. Jones failed and/or refuse to permit and allow the dorm to be routinely cleaned with

bleach after human feces and urine been thrown ; and routinely clean the showers with bleach and mold and mildew remover.

17). Since approximately, April, 2018, through and continuing through the present date, Defendant RHU's Supervisor Lieutenant Clarissa Jones have permitted and allowed Plaintiff Lance Mitchell to be exposed to black mold and failed and/or refuse to take corrective action.

18). Since approximately, April, 2018, through and Continuing through the present date, Defendants Chief Nurse Deborah Richter and Chief Nurse Victoria Norman have denied or delayed medical treatment to Plaintiff Lance Mitchell.

19). Since approximately, April, 2018, through and continuing through the present date, Defendant Dentist Mckreb have denied or delayed dental treatment to Plaintiff Lance Mitchell.

20). Since approximately, April, 2018, through and continuing through the present date, Defendants. Mental Health Counselor Ashley Maddox, Mental Health Counselor Cynthia Darden, and Mental Health Director Kennard Dubose have denied or delayed mental health treatment to Plaintiff Lance Mitchell.

21). Defendant Director Bryan P. Stirling have implemented and enforced a policy/procedure related to segregated inmates'

5 (e)

personal hygiene and clothing items they can possess while in long term segregation that is without legitimate penological justification and therefore, amounts to cruel and unusual punishment.

22). Defendant Director Bryan P. Stirling have implemented and enforced a policy/procedure related to segregated inmates' personal religious book(s) they can possess while in long term segregation that is without legitimate penological justification and therefore, amounts to prohibitation of free exercise of religion.

23). Defendant Director Bryan P. Stirling have implemented and enforced a policy/procedure related to inmate-to-inmate correspondence that is without legitimate penological justification and therefore, amounts to deprivation of free speech and association.

24). Defendant Director Bryan P. Stirling have implemented and enforced a policy/procedure related to restraints for segregated inmates that is without legitimate penological justification and therefore, amounts to excessive use of force.

25). Defendant Director Bryan P. Stirling have implemented and enforced a policy/procedure related to photo copying for inmates that is without legitimate penological

justification and therefore, amounts to denial of access to the courts and due process.

26). Plaintiff Lance Mitchell have endured and suffered, constant fear, threats, assaults, batteries, lynchings, beatings, stabbings, extreme back pain, hip pain, joint pain, loss of exercise, fresh air, and direct sunlight, weight loss, hunger pain, stomach pain, cold weather, built up bacteria and germs, infections, rashes, irritated skin, excessive itching, exposure to feces, urine, and black mold, chest pains, light headed, dizziness, built up plaque, gingervities, discolored, weaken, and sensitive teeth, and great mental anguish.

27). All the above-named Defendants were acting under color of state law as prison officials when they violated Plaintiff Lance Mitchell's constitutional rights.

28). All the above-named Defendants were deliberately indifferent to the substantial risk of serious harm to Plaintiff Lance Mitchell's mental and physical health when they were aware of or should have been aware of the risk of harm and failed to take corrective action.

_____

_____

_____

_____

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See, attachment

_____

_____

_____

_____

_____

_____

_____

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

A jury trial; Actual damages in the amount of $500,000; Punitive damages in the amount of $100,000; Preliminary and Permanent injunction; Costs in this suit; and any additional relief this Court deems just and proper.

_____

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

     ☑      Yes

     ☐      No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

McCormick Corr. Inst.

_____

_____

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

     ☑      Yes

     ☐      No

     ☐      Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

     ☑      Yes

     ☐      No

     ☐      Do not know

If yes, which claim(s)?

1st amendment, 8th and 14th amendment

_____

_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

     ☑      Yes

     ☐      No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐    Yes

☐    No

E.    If you did file a grievance:

1.    Where did you file the grievance?

McCormick Corr. Inst.

2.    What did you claim in your grievance?

Same as in the Complaint

3.    What was the result, if any?

denied

4.    What steps, if any, did you take to appeal that decision?   Is the grievance process completed?   If not, explain why not.   *(Describe all efforts to appeal to the highest level of the grievance process.)*

Yes, grievance process is completed

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____

_____

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____

_____

_____

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____

_____

_____

*(Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐    Yes

☑    No

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

_____

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

    ☐    Yes

    ☑    No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.    Parties to the previous lawsuit

            Plaintiff(s)   _____

            Defendant(s)   _____

    2.    Court *(if federal court, name the district; if state court, name the county and State)*

            _____

    3.    Docket or index number

            _____

    4.    Name of Judge assigned to your case

            _____

    5.    Approximate date of filing lawsuit

            _____

    6.    Is the case still pending?

            ☐    Yes

            ☐    No

            If no, give the approximate date of disposition.  _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐    Yes

☑    No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s)    _____

Defendant(s)    _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐    Yes

☐    No

11

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _December 20_ 20_18_.

| | |
|---|---|
| Signature of Plaintiff | *Lance Mitchell* |
| Printed Name of Plaintiff | Lance Mitchell |
| Prison Identification # | 213965 |
| Prison Address | 386 Redemption Way |
| | McCormick          SC      29899 |
| | City          State          Zip Code |

### B.    For Attorneys

Date of signing: _____, 20__.

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |